No. 31,078.

JOSEPH BERNATZKI, SR., *Appellant*, v. THE SINCLAIR CRUDE OIL
PURCHASING COMPANY et al., *Appellees*.

(20 P. 2d 450.)

Opinion filed
April 8, 1933.

*H. F. Thompson*, of Kinsley, for the appellant.

*Oscar Ostrum*, of Russell, and *Clay Tallman*, of Tulsa, Okla., for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for a declaratory judgment to determine the proportionate share due to the appellant under royalty deeds in which he was the grantee.

Prior to the execution of the royalty deeds the owners of two tracts of land executed oil and gas leases which provided that the owners' shares were one-eighth of all oil and gas produced. Booth, the owner of the east half of the southwest quarter of section 32, township 11, range 15, sold a one-fourth interest in and to his royalty to Hawes. Hawes sold a one thirty-second interest in the royalty to Ludeman. Dodge, the owner of the west half of the southwest quarter, sold a one-eighth interest in the royalty to Hawes. Hawes sold a one thirty-second interest in the royalty to Ludeman. This placed a one thirty-second interest in the royalty in both tracts in Ludeman, who sold a one sixty-fourth interest to appellant, the deed being recorded in book 8 of leases, page 210, and a one sixty-fourth interest to Hewitt, who later sold a one ninety-

sixth interest to the appellant, the deed being recorded in book 8 of leases, page 277. Thus the appellant became the owner of a one sixty-fourth interest and a one ninety-sixth interest in the royalty in both tracts.

The Sinclair Crude Oil Purchasing Company—later succeeded by the Stanolind Crude Oil Purchasing Company—is purchasing the crude oil produced and saved and seeks to make disposition of the proceeds.

The parties have disagreed. The appellant claims in his petition that he is entitled to have the defendant prorate to him the equivalent of one barrel of crude oil from each sixty-four saved from the east half of the quarter section, and that he is entitled to have the equivalent of one barrel of crude oil from every ninety-six produced and saved from the west half of the quarter section, and that defendant claims to be making said proration from a proration order signed by the plaintiff which plaintiff denies having executed. The prayer of the petition is that the court interpret said contracts and adjudicate the rights of the parties thereunder and render a declaratory judgment as to such rights and obligations. The defendant filed its answer denying that plaintiff is entitled to one barrel out of each sixty-four produced from the east half of said quarter section and alleging that under the above royalty deed plaintiff is entitled to receive one sixty-fourth of the one-eighth royalty oil produced and saved from the southwest quarter of section 32, and denying that plaintiff is entitled to receive one barrel from every ninety-six barrels produced and saved from the west half of the southwest quarter, and that under and by virtue of royalty deed plaintiff is only entitled to receive one ninety-sixth of the one-eighth royalty oil produced and saved from the southwest quarter of section 32. Defendant further alleged the execution and delivery by plaintiff of transfer orders for one sixty-fourth of the one-eighth royalty and one ninety-sixth of the one-eighth royalty in both of which the real estate is described as the southwest quarter of section 32, township 11, range 15.

On trial the court found in favor of the defendant company, and that under the royalty deed recorded in book 8 of leases, at page 210, plaintiff is the owner of an undivided one sixty-fourth of the one-eighth royalty of all oil produced and saved from the southwest quarter of section 32, township 11, range 15, amounting to one barrel

out of five hundred and twelve barrels gross production of oil therefrom, and that under the royalty deed recorded in book 8 of leases, at page 277, plaintiff is the owner of an undivided one ninety-sixth of one-eighth of all oil produced and saved from the above premises, amounting to one barrel out of seven hundred and sixty-eight barrels gross production of oil, and directing the defendant to make settlement with the plaintiff for such royalty on the basis of transfer orders executed by the plaintiff to the defendant company. The plaintiff appeals.

So far as the record shows, the royalty deeds are of the same general form and the property conveyed is described in the following language: "an undivided one sixty-fourth" (and one ninety-sixth) "interest in and to the oil . . . royalties which is or may hereafter be reserved by said party of the first part . . . in and under the following described property situate in Russell county . . ."

It is conceded that the royalty interest reserved is one-eighth, and the plain meaning and import of the one conveyance is one sixty-fourth of that interest or one sixty-fourth of one-eighth, which is one five hundred and twelfth, and of the other is one ninety-sixth of one-eighth, which is one seven hundred and sixty-eighth. This is what the court found to be the appellant's share, and a careful reading of appellant's abstract and brief fails to disclose how it can be otherwise.

The judgment of the lower court was correct, and is affirmed.